64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Carl ROSSMAN, Defendant-Appellant.
 No. 94-1874.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1995.
 
 Before: RYAN and JONES, Circuit Judges, and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-Appellant Louis Carl Rossman appeals his conviction and sentence for bank fraud. For the reasons stated herein, we find that all of Rossman's arguments lack merit, and we affirm his conviction and sentence.
 
 I.
 
 2
 On September 10, 1993, a federal grand jury in the Eastern District of Michigan handed down a one-count superseding indictment, charging Rossman with defrauding the First Wisconsin National Bank of Milwaukee, now known as Firstar Bank Milwaukee, of an amount in excess of over one million dollars, in violation of 18 U.S.C. Sec. 1344 (1988). Following his arraignment in the United States District Court for the Eastern District of Michigan, Rossman entered a plea of not guilty on September 15, 1993.
 
 
 3
 Rossman's trial commenced on November 30, 1993, and continued until December 10, 1993, when the jury returned a verdict of guilty as charged. On appeal, Rossman argues that the court below erred in calculating his sentence under the Guidelines, that it was error for the court to enhance his sentence for obstruction of justice without making a specific finding that he committed perjury, and that the court erroneously denied his motion for judgment of acquittal.
 
 II.
 
 4
 A court's factual findings in relation to the application of the Sentencing Guidelines are subject to a deferential "clearly erroneous" standard of review. See 18 U.S.C. Sec. 3742 (1988); United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). Legal conclusions regarding the Guidelines, however, are reviewed de novo. Garner, 940 F.2d at 174. A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).
 
 
 5
 We have reviewed the Presentence Report ("PSR") prepared by the United States Probation Department and adopted by the lower court, and we find no error Rossman's sentence. The lower court calculated total losses from Rossman's fraud to be more than two million dollars but less than five million. This calculation was properly based upon First Wisconsin's sustained losses of $1.45 million plus additional loans that Rossman fraudulently secured, J.A. at 150-51, as part of the same scheme. See USSG Sec. 1B1.3(a)(1) (stating that relevant conduct is "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation of the offense, or in the course of attempting to avoid detection or responsibility or responsibility for the offense").
 
 
 6
 We also conclude that the lower court did not err by enhancing Rossman's sentence both for committing a crime with more than one victim pursuant to USSG Sec. 2F1.1(b)(2)(B) and for being an organizer or leader of the scheme pursuant to USSG Sec. 3B1.1(a). This court has previously held that the application of these two enhancements does not constitute impermissible double counting. United States v. Aideyan, 11 F.3d 74, 76 (6th Cir.1993).
 
 
 7
 Regarding Rossman's final challenge to his sentence, we find no error in the two-level enhancement applied to Rossman's guidelines sentence pursuant to USSG Sec. 3C1.1. We review a lower court's determination of whether a defendant's actions constitute an obstruction of justice for abuse of discretion. United States v. Medina, 992 F.2d 573, 591 (6th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Benedectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, sub nom. Hoffman v. Merrell Dow Pharmaceuticals, Inc., 488 U.S. 1006 (1989); Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 156-57 (6th 1988). We affirm the sentence because, although the lower court did not make a specific finding that Rossman committed perjury, we hold that the court's comments at Rossman's sentencing hearing, J.A. at 416, make clear that the court found that Rossman did not testify truthfully. See United States v. Clark, 982 F.2d 965, 970 (6th Cir.1993) (stating that "[b]ecause we are able to determine from the context of the district court's otherwise generalized findings, which statements the court found warranted the enhancement for obstruction of justice, and because we find no clear error with respect thereto, we affirm the sentence").
 
 III.
 
 8
 Finally, Rossman argues that the court below erred by denying his motion for a judgment of acquittal. In reviewing the denial of a motion for acquittal, we "must consider all the evidence in a light most favorable to the government and then determine whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." United States v. Walton, 908 F.2d 1289, 1294 (6th Cir.), cert. denied, 489 U.S. 990 (1990). "[R]efusal to grant a motion to acquit is a de novo legal question on review." United States v. Gibson, 896 F.2d 206, 209 (6th Cir.1990). In the present case, evaluating the evidence and all reasonable inferences in the light most favorable to the government, it is clear that there was more than sufficient evidence to support Rossman's conviction for violating 18 U.S.C. Sec. 1344. His motion for judgment of acquittal was appropriately denied.
 
 IV.
 
 9
 Wherefore, Rossman's conviction and sentence are AFFIRMED.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Court Judge for the Northern District of Ohio, sitting by designation